**United States District Court**
**District of Massachusetts**

```
_____
                                  )
United States of America,         )
                                  )
            v.                    )        Criminal Action No.
                                  )        19-10293-NMG
Augusto Valdez,                   )
                                  )
            Defendant.            )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Augusto Valdez ("Valdez" or "the defendant") to withdraw his plea of guilty to one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Docket No. 80).  For the reasons that follow, that motion will be denied.

## I.  Background

Valdez was indicted in August, 2019, and charged with one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 ("Count I") and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841 ("Count II").

On September 21, 2020, Valdez pled guilty to both counts. During the plea colloquy, Valdez stated that he understood that

-1-

he was charged with "[c]onspiracy for five kilos or more" of
cocaine.  The government subsequently recited the facts that it
would prove if the case were to go to trial which included that
Valdez was "attempting to purchase a large quantity of cocaine
from a source of supply in Texas", that he offered to pay a
confidential government source to take money to Houston, Texas,
and return with cocaine for distribution in the Northeast and
that the confidential source did, in fact, receive payment from
Valdez, complete the transaction and return to Boston,
Massachusetts, with the cocaine.  When asked by the Court
whether he disagreed with anything that the government
represented that it would be able to prove, Valdez responded in
the negative.

Five months later, Valdez moved, <u>pro se</u>, to withdraw his
plea of guilty to Count I.  That motion was supplemented by a
memorandum submitted by counsel in January, 2022.

## II.  **Motion to Withdraw**

Valdez avers that he is innocent of Count I because his
sole collaborator was a government agent (and thus not a "co-
conspirator").  On that basis, he seeks to withdraw his plea.  A
defendant who has pled guilty to an offense but has not yet been
sentenced may withdraw his plea only for a "fair and just
reason". Fed R. Crim. P. 11(d).  To determine whether such a
reason exists, the Court considers the totality of the

-2-

circumstances, including 1) whether the guilty plea was knowing, intelligent and voluntary, 2) the timing of the request and 3) whether the defendant raises a colorable assertion of legal innocence.  United States v. Fernandez-Santos, 856 F.3d 10, 15 (1st Cir. 2017).

That one cannot conspire solely with a government agent is a correct statement of law. See United States v. Portela, 167 F.3d 687, 700 (1st Cir. 1999).  It has no application, however, to the facts to which Valdez admitted at the plea colloquy (and which he has at no point thereafter contested) because the subject conspiracy consisted of at least three actors, i.e. Valdez, the confidential source and the source of supply. See United States v. Pinillos-Prieto, 413 F.3d 61, 72 (1st Cir. 2005).  Consequently, his claim of legal innocence is lacking.

Valdez does not proffer any argument with respect to the other factors customarily considered.  He does not contend that his plea was made without his knowledge, intelligence and volition except insofar as previously discussed. See Fernandez-Santos at 15.  Nor does he submit any reason why the Court should overlook the substantial delay in filing the motion to withdraw.[1] See id., United States v. Dunfee, 821 F.3d 120, 131

---

[1] The Court does not consider the significantly greater delay in filing the supplemental memorandum of law because the fault does not lie primarily with Valdez.

-3-

(1st Cir. 2016) (holding that a two-month delay was "extended" and "weighs against permitting withdrawal").

**ORDER**

For the foregoing reasons, defendant's motion to withdraw his plea of guilty is **DENIED**.

**So ordered.**

 /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  February 3, 2022